UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     2:25-cv-02073-DSF-AJR               Date:  April 14, 2025
                                                 Page 1 of 5

Title:       Jovanny Hernandez v. Christian Pfeiffer

DOCKET ENTRY:     **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS SUCCESSIVE**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                             None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On March 1, 2025,[1] Petitioner Jovanny Hernandez ("Petitioner"), a California state prisoner proceeding *pro se*, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254 (the "Petition"), challenging his 2008 conviction. (Dkt. 1 at 1.)[2]  However, Petitioner previously filed a federal habeas

---

[1] "In determining when a *pro se* state or federal petition is filed, the 'mailbox' rule applies.  A petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing."  Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010); see also Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014).  Accordingly, the Court has assumed a constructive filing date of March 1, 2025, which is the date Petitioner signed the petition. (Dkt. 1 at 22, 93).

[2] The Court cites to the CM/ECF pagination on the top of each page.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 2:25-cv-02073-DSF-AJR | Date: April 14, 2025 |
| | | Page 2 of 5 |

Title:   Jovanny Hernandez v. Christian Pfeiffer

---

petition on March 16, 2012, case number 2:12-cv-02238-DSF-FFM ("Prior Petition"), which challenged the same 2008 conviction.

Under Rule 4 of the Rules Governing Section 2254 Cases, this Court has an affirmative obligation to screen habeas petitions to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, the Court has reviewed the Petition and attached exhibits, and believes that the Petition may be successive, as explained below.

I.      PROHIBITION ON SUCCESSIVE PETITIONS.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after the AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336 (1997); see also Brown v. Atchley, 76 F.4th 862, 865 (9th Cir. 2023). AEDPA prohibits a second or successive petition absent permission by the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); see also Burton v. Stewart, 549 U.S. 147, 152 (2007) (*per curiam*) (AEDPA states that "before filing [a second or successive habeas] application in the district court, a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application'") (quoting 28 U.S.C. § 2244(b)(3)(A)); Tyler v. Cain, 533 U.S. 656, 661 (2001) ("AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications."). Thus, "[i]f [a] prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. And if the prisoner asserts a claim that was *not* presented in a previous petition, the claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     2:25-cv-02073-DSF-AJR                Date: April 14, 2025
                                                  Page 3 of 5

Title:       Jovanny Hernandez v. Christian Pfeiffer

must be dismissed unless it falls within one of two narrow exceptions." Tyler, 533 U.S. at 661 (emphasis in original, internal citations omitted).³

The instant Petition challenges the same 2008 conviction that Petitioner previously challenged in his Prior Petition, which was dismissed with prejudice on April 8, 2013. See Jovanny Hernandez v. Greg Lewis, Warden, 2:12-cv-02238-DSF-FFM (C.D. Cal.) (Dkt. 18 (Report and Recommendation), Dkt. 23 (Order Accepting Report and Recommendation), Dkt. 24 (Judgment dismissing Prior Petition with prejudice). The Petition contends that Petitioner is entitled to habeas relief from his 2008 conviction based on the following grounds for relief: (1) ineffective assistance of trial counsel for failing to research and argue defenses of law; and (2) ineffective assistance of appellate counsel for failing to raise trial counsel's error. (Dkt. 1 at 4-8.)

Petitioner acknowledges that his Petition is successive. (Id. at 3.) However, he argues that the Petition is not barred as successive because his sentence was recently recalled under People v. Heard, 83 Cal. App. 5th 608 (Cal. Ct. App. 2022). (Id.) Petitioner argues that a petition filed after a resentencing is not considered second or successive, even if it challenges undisturbed convictions, citing King v. Morgan, 807 F.3d 154 (6th Cir. 2015). (Id.) Based on this reasoning, Petitioner asserts that his Petition is not second or successive. (Id.) Petitioner is mistaken.

Neither Heard nor King supports Petitioner's claim that his Petition is not second or successive for two reasons. First, a state court's recall of a sentence does not necessarily issue a new judgment under federal habeas law, and absent such a new judgment, Petitioner's Petition remains successive under 28 U.S.C. § 2244(b). Second, although it is true that the Sixth Circuit in King held that a habeas petition filed after a full resentencing resulting in a new judgment is not second or successive, even if it challenges the original

---

³ "One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. The other is for certain claims relying on new rules of constitutional law." Tyler, 533 U.S. at 661–62 (internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-02073-DSF-AJR                              Date: April 14, 2025
                                                                Page 4 of 5

Title:    Jovanny Hernandez v. Christian Pfeiffer

---

conviction, that decision is not binding on this Court but merely persuasive authority. Further, Magwood v. Patterson, 561 U.S. 320 (2010), which is binding on this Court, makes clear that this principle applies only when the resentencing constitutes a genuinely new judgment. See King, 807 F.3d at 156. Specifically, in Magwood, the Supreme Court explained that second and successive limitations imposed by § 2244(b) applied only to habeas petitions that relate to a specific "*judgment* of a State court" under § 2254(b)(1). Magwood, 561 U.S. at 332 (emphasis in original). A petitioner's new sentence, imposed after a resentencing proceeding, qualifies as a new judgment so that the "first application challenging that new judgment [is not] second or successive." Id. at 331 (internal quotation marks omitted). Here, the Petition, as alleged, is unclear. However, if Petitioner's sentence was merely modified or recalled without the issuance of a full new judgment, Magwood does not apply, and his Petition remains subject to the "second or successive" restrictions of § 2244(b).

Moreover, even if Petitioner qualifies for an exception to AEDPA's successive bar, Tyler, 533 U.S. at 661, he must still obtain permission from the Ninth Circuit before this Court can adjudicate his challenge to his 2008 conviction. See Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) ("Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court."). Based on the Court's review of the docket, Petitioner has not requested or received permission from the Ninth Circuit to file the instant Petition. Therefore, the Court lacks jurisdiction to adjudicate Petitioner's habeas challenge to his 2008 conviction. See Burton, 549 U.S. at 157 (because "Burton neither sought nor received authorization from the Court of Appeals before filing his [successive] petition, . . . the District Court was without jurisdiction to entertain it").

## II.    CONCLUSION

Based upon the Petition as currently submitted, 28 U.S.C. § 2244(b)(3)(A) appears to bar Petitioner's challenge to his 2008 conviction as successive. Petitioner therefore is **ORDERED TO SHOW CAUSE**, no later than **May 5, 2025**, why this Court should not recommend that the Petition be dismissed without prejudice as successive.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-02073-DSF-AJR                                      Date: April 14, 2025
                                                                                              Page 5 of 5

Title:    Jovanny Hernandez v. Christian Pfeiffer

___

    Petitioner is advised that if he no longer wishes to pursue this action, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for Petitioner's convenience.  **However, Petitioner should be aware that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

    **Petitioner is further advised that if he fails to timely respond to this Order to Show Cause, or fails to show why this action is not successive, the Court will recommend that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

    IT IS SO ORDERED.


Attachments:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).